In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00129-CR


______________________________




REGIS TAVAREE HENSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 34883-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Regis Tavaree Henson has appealed from his conviction on his open plea of guilty to the
third-degree felony offense of possession of a controlled substance (cocaine). See Tex. Health &
Safety Code Ann. § 481.115(c) (Vernon 2003). Henson's punishment was assessed by a jury at
five years' confinement. See Tex. Penal Code Ann. § 12.34 (Vernon 2003). 

 On appeal to this Court, Henson contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Henson's motion for new trial contains a contention that
the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (1) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Henson's
sentence falls within the applicable range of two to ten years and a fine of up to $10,000.00. See
Tex. Penal Code Ann. § 12.34.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 Assuming, without deciding, that Henson's sentence is grossly disproportionate to the crime
he committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Henson's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 27, 2008

Date Decided: February 28, 2008


Do Not Publish




1. The trial court did not conduct a hearing on Henson's motion for new trial, which was
overruled by operation of law.


false" Name="Medium Shading 1 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00063-CV

                                                ______________________________

 

 

 

                                IN THE INTEREST OF
D.W., A CHILD

 

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                             Lamar County, Texas

                                                            Trial
Court No. 78773

 

                                                                    
                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            The Unknown Father,[1]
the sole appellant in this case, has filed a motion seeking to dismiss his
appeal, stating that the trial court has granted a new trial in this
matter.  Pursuant to Rule 42.1 of the
Texas Rules of Appellate Procedure, his motion is granted.  Tex.
R. App. P. 42.1.

            We dismiss the appeal.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August 2, 2011

Date Decided:             August 3, 2011

 











[1]The
Unknown Father has been identified. 
However, to protect the childs identity, we continue to refer to him as
the Unknown Father, which is the way he was referred to in his notice of
appeal.