

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-06-00224-CR
_____

MARTIN JAMES BOOKER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 34,467-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Martin James Booker, Jr., appeals from his conviction by a jury for driving while intoxicated (DWI) (subsequent offense). The jury assessed his punishment at seven years' confinement. On appeal, Booker contends that the evidence is legally and factually insufficient to support the verdict and that his punishment was constitutionally disproportionate to his offense.

Booker was tried for DWI under Section 49.04 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). The statute defines intoxication in two ways: as not having the normal use of mental or physical faculties by the use of one of a number of substances, or by having an alcohol concentration of .08 or more. TEX. PENAL CODE ANN. § 49.01 (Vernon 2003).

Booker was stopped by Officer Jonathan Anderson after he ran a red light. Anderson testified that he smelled alcohol on Booker, that Booker had glassy and bloodshot eyes, and that there was a "pop" bottle full of beer in the car. Anderson administered an horizontal-gaze nystagmus (HGN) test to Booker, and Anderson testified that Booker evidenced all six possible indicators of intoxication under the test. Anderson then administered a battery of physical field-sobriety tests. Anderson performed the tests, doing some aspects correctly, but failing other portions of the tests. He did the walk-and-turn test essentially correctly, but forgot to count aloud while doing it. He performed the one-legged-stand test without swaying, but made mistakes in counting during the test. The videotape of the field-sobriety tests was also in evidence. Finally, there is evidence that Booker

2

was given a breathalyzer test at the police station—that test evidencing a blood-alcohol reading of .101.

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

In this case, there is evidence from the arresting officer that, if believed by the jury, is sufficient to support the finding of guilt. The fact that there is also evidence that Booker did not fail the tests in all respects shows only that there was a question for the jury to decide. The jury fulfilled its function by deciding the matter, and there was both legally and factually sufficient evidence to support its conclusion—and not evidence to the contrary of such strength as would allow this Court to second-guess the jury's conclusion. The contention of error is overruled.

Booker also contends that the punishment assessed is disproportionate to his crime. Booker's motion for new trial contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See*, *e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Booker's sentence falls within the applicable range of two to ten years, with no fine assessed. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003), § 49.09(b) (Vernon Supp. 2007).

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence, and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

Assuming, without deciding, that Booker's sentence is grossly disproportionate to the crime he committed, there is no evidence in the record from which we could compare his sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Booker's claim of demonstrable error. *Cf. Jackson*,

989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:      August 7, 2007
Date Decided:        February 28, 2008

Do Not Publish