

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00172-CR

_____

AMANDA RENEE SHANNON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34617-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Amanda Renee Shannon has appealed from the revocation of her community supervision on her plea of "true" to the allegation contained in the State's application to revoke.[1] The trial court sentenced Shannon to sixteen months' confinement in a state-jail facility. *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2007).

On appeal to this Court, Shannon contends, in a single point of error, that the punishment assessed is disproportionate to her crime. Shannon's motion for new trial contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review.[2] *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Shannon's

---

[1]Shannon originally pled guilty in open court to the offense of possession of a controlled substance (methamphetamine) in an amount of less than one gram and was sentenced by the trial court to two years' confinement, probated for four years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003); TEX. PENAL CODE ANN. § 12.35. Shannon admitted using marihuana, a controlled substance, on or about August 28, 2007, which was less than one month after the trial court granted community supervision.

[2]The trial court did not conduct a hearing on Shannon's motion for new trial, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8.

2

sentence falls within the applicable range of 180 days to two years and a fine of up to $10,000.00. *See* TEX. PENAL CODE ANN. § 12.35.

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to

3

the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

We do not believe the sentence was grossly disproportionate to the gravity of the offense, but even if it was, there is no evidence in the record from which we could compare Shannon's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Shannon's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

There being no other issues before us, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:    May 9, 2008
Date Decided:    May 12, 2008

Do Not Publish