In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00207-CR


______________________________




VIDAL GARCIA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35119-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Vidal Garcia has appealed from his conviction on his open plea of guilty to the offense of
aggravated assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp.
2007). The trial court sentenced Garcia to fifteen years' imprisonment, to run concurrently with his
two-year sentence in a companion appeal. (1) See Tex. Penal Code Ann. § 12.33 (Vernon 2003). 

 On appeal to this Court, Garcia contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Garcia's motion for new trial (2) contains a contention that
the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (3) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Garcia's
sentence falls within the applicable range of two to twenty years' imprisonment and a fine of up to
$10,000.00. See Tex. Penal Code Ann. § 12.33.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Garcia's sentence to
the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed
a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Garcia's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: June 18, 2008

Date Decided: June 19, 2008


Do Not Publish
1. Garcia has a companion appeal pending before this Court in cause number 06-07-00208-CR
concerning his conviction for evading detention with a vehicle.
2. There were two motions for new trial in this case, filed one day apart, the first filed by
Garcia's appellate counsel, Alex Tyra, preserving the claim of disproportionate sentence, and the
second filed by Garcia's trial counsel, Clement Dunn, which did not preserve this issue. Due to these
unusual circumstances, we are considering the issue of disproportionate sentence as preserved in the
first motion for new trial, filed by appellate counsel.
3. The trial court did not conduct a hearing on Garcia's motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.



man"> Accordingly, under our reading of the current Rule 25.2, we conclude that the language
contained in Larrea's motion to withdraw does not constitute a sufficient notice of appeal. Therefore,
Baez's handwritten letter, filed July 26, 2007, is the first document that could possibly be deemed
as a notice of appeal.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The last date Baez could timely file his
notice of appeal was June 27, 2007, ninety days after the day sentence was imposed in open court. 
See Tex. R. App. P. 26.2(a)(2). Further, no motion for extension of time was filed in this Court
within fifteen days of the last day allowed for filing the notice of appeal.

 Baez has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: September 5, 2007

Date Decided: September 6, 2007


Publish