

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00160-CR

_____

JAN ALLISON ABEL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34225-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jan Allison Abel has appealed from her conviction on her open plea of guilty to the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). The trial court sentenced Abel to five years' confinement, to run consecutively with a companion case also on appeal before this Court in cause number 06-08-00161-CR, also decided this date. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

On appeal to this Court, Abel contends, in a single point of error, that the punishment assessed is disproportionate to her crime. Abel's motion for new trial contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review.[1] *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Abel's sentence falls within the applicable range of two to ten years' confinement and a fine of up to $10,000.00. *See* TEX. PENAL CODE ANN. § 12.34.

---

[1]The trial court did not conduct a hearing on Abel's motion for new trial, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8.

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*,

3

954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

We do not believe the sentence was grossly disproportionate to the gravity of the offense, but even if it was, there is no evidence in the record from which we could compare Abel's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Abel's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

We do note, however, that the trial court's written judgment in this case does not correspond with the oral pronouncement of judgment at trial. The oral pronouncement of judgment was that the sentence in the companion case, cause number 06-08-00161-CR run consecutive to the sentence in this appeal. The written judgment states that the sentence shall run concurrently. Where there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement of sentence controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State,* 830 S.W.2d 607 (Tex.

4

Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to delete the notation that the sentence shall run concurrently.

As reformed, we affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     February 11, 2009
Date Decided:       February 12, 2009

Do Not Publish

5