In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00022-CR

                                                ______________________________

 

 

                                    SHAWANDA M. SMITH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37773-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Shawanda
M. Smith has appealed from her open plea of guilty to the offense of possession
of a controlled substance with intent to deliver.[1]  The court sentenced Smith to five years’
imprisonment.

            On
appeal, Smith contends that her sentence is cruel and unusual in that it is
grossly disproportionate to the crime, citing, among other cases, Solem v. Helm, 463 U.S. 277 (1983), and Baldridge v. State, 77 S.W.3d 890 (Tex.
App.––Houston [14th Dist.] 2002, pet. ref’d). 
To preserve such complaint for appellate review, Smith must have
presented to the trial court a timely request, objection, or motion that stated
the specific grounds for the desired ruling, or the complaint must be apparent
from the context.  See Tex. R. App. P.
33.1(a)(1); Harrison v. State, 187
S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams
v. State, 191 S.W.3d 242, 262 (Tex. App.––Austin 2006, no pet.) (claims of
cruel and unusual punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.––Houston [14th Dist.] 2001, pet. ref’d) (failure to complain to
trial court that sentences were cruel and unusual waived claim of error for
appellate review).  We have reviewed the
records of the trial proceeding.  No
relevant request, objection, or motion was made.  And, while this Court has held that a motion
for new trial is an appropriate way to preserve this type of claim for review (see Williamson v. State, 175 S.W.3d 522,
523–24 (Tex. App.––Texarkana 2005, no pet.), and Delacruz v. State, 167 S.W.3d 904 (Tex. App.––Texarkana 2005, no
pet.)), no motion for new trial was filed. 
Smith has not preserved such an issue for appeal.

            However,
even absent waiver,[2]
we conclude that Smith’s sentence was not grossly disproportionate.  Texas courts have traditionally held that as
long as the punishment assessed is within the range prescribed by the
Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual.  See, e.g., Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
Here, Smith’s sentence falls within the applicable range of not less
than five years or more than ninety-nine years or life imprisonment.  See
Tex. Penal Code Ann. § 12.32
(Vernon Supp. 2009).  

            That
does not end the inquiry.  A prohibition
against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the
punishment assessed is within the range established by the Legislature.  U.S.
Const. amend. VIII; see Solem,
463 U.S. at 290; Harmelin v. Michigan,
501 U.S. 957 (1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.––Texarkana 1999,
no pet.); Lackey v. State, 881 S.W.2d
418, 420–21 (Tex. App.––Dallas 1994, pet. ref’d); see also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App.
2006) (describing this principle as involving a “very limited, ‘exceedingly
rare,’ and somewhat amorphous” review).

            Solem had suggested, as a three-part
test, that an appellate court consider: 
(1) the gravity of the offense compared with the harshness of the
penalty; (2) the sentences imposed for similar crimes in the same jurisdiction;
and (3) the sentences imposed for commission of the same crime in other
jurisdictions.  See Solem, 463 U.S. at 292.  Harmelin at least raised questions about
the viability of the Solem three-part
test.  In fact, it was subsequently held
that proportionality survived Harmelin,
but that the Solem three-part test
did not.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Lackey, 881 S.W.2d at 420–21.  In light of Harmelin, the test has been reformulated as an initial threshold
comparison of the gravity of the offense with the severity of the sentence; and
then, only if that initial comparison created an inference that the sentence
was grossly disproportionate to the offense should there be a consideration of
the other two Solem factors—sentences
for similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.––Texarkana 2006, no pet.); Lackey,
881 S.W.2d at 420–21.

            We
do not believe the sentence was grossly disproportionate to the gravity of the
offense, but even if it was, there is no evidence in the record from which we
could compare Smith’s sentence to the sentences imposed on other persons in
Texas or on persons in other jurisdictions who committed a similar
offense.  See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.––Texarkana 2000,
pet. ref’d); Davis v. State, 905
S.W.3d 655, 664–65 (Tex. App.––Texarkana 1995, pet. ref’d).  Without such evidence, the record before us
does not support Smith’s claim of demonstrable error.  Cf.
Jackson, 989 S.W.2d at 846 (“there is no evidence in the record reflecting
sentences imposed for similar offenses on criminals in Texas or other
jurisdictions by which to make a comparison”).

            There
being no other issues before us, we affirm the trial court’s judgment.

 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          June
30, 2010

Date Decided:             July
1, 2010

 

Do Not Publish











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.





[2]See Faizon v. State, No. 12-05-00353-CR,
2006 Tex. App. LEXIS 6079, at *8 (Tex. App.––Tyler July 12, 2006, no pet.)
(mem. op., not designated for publication).