In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00065-CR

                                                ______________________________

 

 

                                BILLY CARLON HATHORN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                            Trial
Court No. 28,904

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Having
pled guilty to one count of aggravated sexual assault of a child and “no contest”
to two counts of indecency with a child, Billy Carlon Hathorn stood before the
trial court in Angelina County[1]
for punishment to be assessed.  After
Hathorn’s trial counsel objected to parts of the presentence investigation
(PSI) report, the court sustained the objection and expressly stated it would
not consider the objected-to portions of the report.  The trial court sentenced Hathorn to
thirty-five years’ imprisonment for the aggravated sexual assault and to
fifteen years for each count of indecency.  The sentences for indecency were to be served
concurrently as to each other, but consecutively as to the sentence for
aggravated assault—effectively, fifty years’ total confinement.

            On
appeal, Hathorn argues that the trial court erred in ordering the indecency
sentences to be served consecutively to the aggravated-assault sentence and
that his trial counsel was ineffective in failing to move to recuse the trial
judge or to allow Hathorn to review the PSI report.

            We
affirm the trial court’s judgment because:  (1) Hathorn failed to preserve his objection
to his sentencing, (2) trial counsel’s decision not to seek recusal was not
unreasonable, and (3) there is insufficient evidence that Hathorn failed
to review the PSI report.

(1)        Hathorn
Failed to Preserve His Objection to His Sentencing

            Hathorn argues that the trial court’s
ordering the indecency sentences to be served consecutively after the
aggravated assault sentence is excessive, cruel, and unusual punishment. 

            To
preserve such complaint for appellate review, Smith must have presented to the
trial court a timely request, objection, or motion that stated the specific
grounds for the desired ruling, or the complaint must be apparent from the
context.  See Tex. R. App. P.
33.1(a)(1); Harrison v. State, 187
S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams
v. State, 191 S.W.3d 242, 262 (Tex. App.––Austin 2006, no pet.) (claims of
cruel and unusual punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.––Houston [14th Dist.] 2001, pet. ref’d) (failure to complain to
trial court that sentences were cruel and unusual waived claim of error for
appellate review). 

            We
have reviewed the records of the trial proceeding.  No relevant request, objection, or motion was
made.  And, while this Court has held
that a motion for new trial is an appropriate way to preserve this type of
claim for review (see Williamson v. State,
175 S.W.3d 522, 523–24 (Tex. App.––Texarkana 2005, no pet.), and Delacruz v. State, 167 S.W.3d 904 (Tex.
App.––Texarkana 2005, no pet.)), no motion for new trial was filed.  Hathorn has not preserved this issue for
appeal.

(2)        Trial
Counsel’s Decision Not to Seek Recusal Was Not Unreasonable

            Ineffective assistance of counsel
claims are evaluated under the two-part test formulated by the United States
Supreme Court in Strickland v. Washington,
requiring a showing of both deficient performance and prejudice.  466 U.S. 668, 689 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Fox v. State,
175 S.W.3d 475, 485 (Tex. App.––Texarkana 2005, pet. ref’d).  First, Hathorn must show that his counsel’s
representation fell below an objective standard of reasonableness.[2]  Fox,
175 S.W.3d at 485 (citing Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). 
We indulge a strong presumption that counsel’s conduct falls within the
wide range of reasonable, professional assistance, and was motivated by sound
trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  The second Strickland
prong requires a showing that the deficient performance prejudiced the defense
to the degree that there is a reasonable probability that, but for the attorney’s
deficiency, the result of the trial would have been different.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at
712.  Failure to satisfy either prong of
the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  

            A
Strickland claim must be “firmly
founded in the record” and “the record must affirmatively demonstrate” the
meritorious nature of the claim.[3]  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Thompson, 9 S.W.3d at 813. 
Under this standard, a claimant must prove that counsel’s representation
so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.  Strickland,
466 U.S. at 686.

            During
the punishment hearing, Hathorn objected to attachments 6 and 7 and pages 2–4
of the PSI report on the grounds that they included unadjudicated and unproven extraneous
offenses, that they included information in violation of the confrontation
clause, and that they were improperly included without permission from the
jurisdiction of the extraneous offenses. 
The State argued that the trial court could consider the extraneous
unadjudicated offenses referenced in the PSI report for punishment purposes
even though they amount to hearsay and no permission had been obtained.

            The
trial court pointed out that it had already read the PSI report and asked
Hathorn’s trial counsel whether he had any recusal concerns if the court were
to sustain his objections.  When deciding
whether to move for recusal, trial counsel stated:

And the question is whether I -- I’m thinking out
loud, to some extent.  The question would
be whether this is a matter of such gravity that it would be difficult, if not
impossible, for the Court to not consider these matters in assessing
punishment.  And I don’t know any way to
answer that other than I think that there is always that potential danger.  I know the Court.  I’ve always found the Court to be extremely
fair and able to consider matters, but I guess that would be the best way.  I’m not moving to recuse the Court. 

 

The court sustained Hathorn’s
objections, took judicial notice of those portions of the PSI report that were
not objected to, and held that it would “not hear any more concerning whatever
would be the subject matter of Attachment[s] 6 and 7, pages 2 through 4” of the
report.

            Here,
we find trial counsel’s belief in the fairness and integrity of the trial judge
to be a reasonable and sound trial strategy. 
We review trial counsel’s conduct with great deference, without the
distorting effects of hindsight.  Thompson, 9 S.W.3d at 813.  Therefore, Hathorn has failed to prove
deficient performance, as is required by the first prong of Strickland.  Accordingly, we overrule this point of error.

(3)        There Is Insufficient
Evidence that Hathorn Failed to Review the PSI Report

            Hathorn
argues that his counsel was ineffective “by not allowing him to review the PSI.”


            Here,
Hathorn points out that there is no evidence in the record indicating that he reviewed
the PSI report.  On the other hand,
nothing in the record affirmatively demonstrates that Hathorn failed to review
the report, let alone that his trial counsel prevented him from doing so.  When facing a silent record, we will not
speculate as to counsel’s tactics or reasons for taking or not taking certain
actions.  See Mata v. State, 226
S.W.3d 425, 431 (Tex. Crim. App. 2007); see
also Thompson, 9 S.W.3d at 814 (if record is silent as to reasons for
attorney’s particular course of action, we are compelled to find that defendant
did not rebut the presumption).  When
faced with such a silent record and in the lack of anything that would indicate
such completely ineffective assistance as could be shown without such a record,
we overrule the point of error.

            We affirm the trial court’s
judgment.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July 15, 2010

Date
Decided:             July 30, 2010

Do Not
Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]The
presumptions and standards of proof of Strickland
apply to the punishment phase as well as to the trial stage of criminal
proceedings.  Wiggins v. Smith, 539 U.S. 510 (2003); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

 





[3]Under
normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical
or strategic decision-making as to overcome the presumption that counsel’s
conduct was reasonable and professional. 
Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Fuller
v. State, 224 S.W.3d 823, 828–29 (Tex. App.––Texarkana 2007, no pet.).  In addressing this reality, the Texas Court of
Criminal Appeals has explained that appellate courts can rarely decide the
issue of ineffective assistance of counsel because the record almost never
speaks to the strategic reasons that trial counsel may have considered.  The proper procedure for raising this claim
is therefore almost always habeas corpus. 
Freeman v. State,
125 S.W.3d 505, 506 (Tex. Crim. App. 2003); Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim.
App. 2003).