In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00030-CR

                                                ______________________________

 

 

                               ANGELIA LOUISE KENNEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Franklin County, Texas

                                                            Trial
Court No. F7862

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            For the
offense of indecency with a child, Angelia Louise Kenney had been placed on deferred
adjudication community supervision for a period of six years, commencing March
17, 2006.[1]  On December 9, 2009, the State filed its
motion to proceed with adjudication of guilt, alleging Kenney violated the
conditions of her community supervision by possessing or using alcoholic
beverages; failing to pay assessed court costs; failing to pay assessed sex
offender monthly supervisory fees; and having a person under seventeen years of
age live with her.  Kenney pled “not true”
to each of these allegations.  

            After a
trial, the trial court entered a judgment adjudicating Kenney’s guilt and
sentencing her to ten years’ confinement in the Texas Department of Criminal
Justice—Institutional Division.  Kenney
appeals, claiming that the trial court erred in refusing her a trial
continuance and in imposing a cruel and unusual punishment.  We affirm the judgment of the trial court,
because (1) error has not been preserved regarding the overruled oral
continuance motion and (2) the claim that Kenney’s sentence is cruel and
unusual has not been preserved.

(1)        Error Has Not Been
Preserved Regarding the Overruled Oral Continuance Motion

 

             Before her revocation trial started, Kenney
made an oral motion for a continuance, on the bases (1) that Kenney’s father
had just suffered a heart attack and would not be able to testify as a witness
on Kenney’s behalf and (2) that, due to her incarceration, Kenney was unable to
obtain documentation from her house relating to her inability to pay fees and
costs.  The trial court denied the oral
motion for continuance and proceeded to trial on the adjudication of guilt.[2]

            In Articles
29.03 and 29.08 of the Texas Code of Criminal Procedure, the Legislature has
set out the requirements for a motion for continuance.   Anderson
v. State, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009).   Article 29.03 provides that “[a] criminal
action may be continued on the written motion of the State or of the defendant,
upon sufficient cause shown; which cause shall be fully set forth in the
motion.”  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006).  Article 29.08 provides that “[a]ll motions
for continuance must be sworn to by a person having personal knowledge of the
facts relied on for the continuance.”  Tex. Code Crim. Proc. Ann. art. 29.08
(Vernon 2006).  These statutes together
require a sworn written motion in order to preserve appellate review from a
trial court’s denial of a motion for continuance.  Anderson,
301 S.W.3d at 279; Dewberry v. State,
4 S.W.3d 735, 755 (Tex. Crim. App. 1999). 
Thus, an oral motion for continuance presents nothing for review.  Dewberry,
4 S.W.3d at 756; Matamoros v. State,
901 S.W.2d 470, 478 (Tex. Crim. App. 1995). 
Also, Article 29.06 requires that a motion for continuance must state “the
diligence which has been used to procure [a witness’] attendance” when it is
based on the absence of a witness.  This
provision has been interpreted to require diligence not only in procuring the
presence of the witness, but also diligence as reflected in the timeliness with
which the motion for continuance was presented. 
Dewberry, 4 S.W.3d at
756.  A sworn, written motion for
continuance explaining the diligence utilized in filing such a motion or
otherwise in showing good cause for the grant of such a motion was not filed in
the trial court.

            While Kenney
does not assert a due process violation, she claims to have been prejudiced by
the lack of witness availability and opportunity to retrieve certain documents
to present in her defense.  The
deprivation of a meaningful opportunity to present a complete defense is a
right subject to forfeiture.  Anderson, 301 S.W.3d at 277.  In that case, Anderson filed an unsworn oral
motion for continuance—thus failing to comply with the procedural requirements
of Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure—in order to
mount a defense against the State’s DNA test results.  In overruling the court of appeals’ decision
that Anderson’s claim was preserved on the basis of a due process exception to
the rule that an unsworn oral motion for a continuance preserves nothing for
review, the court determined that a meaningful opportunity to present a
complete defense is a right subject to forfeiture.  Accordingly, Anderson was obliged to file a
written, sworn motion for continuance in order to preserve his complaint for
appellate review.  Id.

            To have
preserved her complaint for appellate review, Kenney was obliged to file a
written, sworn motion for continuance. 
Having failed to do so, Kenney’s complaint has not been preserved for review.  The trial court did not abuse its discretion[3]
in denying Kenney’s unsworn, oral motion for continuance.  We overrule this point of error.

(2)        The Claim that Kenney’s Sentence Is Cruel and Unusual Has Not
Been Preserved

 

            In her
second appellate point, Kenney contends that her sentence of ten years’
confinement in the Texas Department of Criminal Justice constitutes cruel and
unusual punishment, given certain mitigating circumstances.  One such circumstance was Kenney’s desire to
help A.C., a person under the age of seventeen years, who resided with Kenney
in violation of Kenney’s probationary restraints.  Kenney maintains that, because drugs and
alcohol were abused in the home of A.C.’s mother, where A.C. resided, A.C. was
exposed to dangerous circumstances.  The
implication of this argument is that Kenney’s punishment should have been less
than the ten-year sentence received, in light of her altruistic motives in
providing a residence for A.C.

             Kenney further contends that her extensive
health problems and concerns will cause undue hardship during a ten-year period
of incarceration.[4]  While we are mindful of the difficulties now
facing Kenney as a result of the adjudication of guilt, we find that this issue
has not been preserved for appellate review.

            To preserve
such complaint for appellate review, Kenney must have presented to the trial
court a timely request, objection, or motion that stated the specific grounds
for the desired ruling, or the complaint must be apparent from the
context.  See Tex. R. App. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429,
433 (Tex. Crim. App. 2005); Williams v. State, 191 S.W.3d 242, 262 (Tex.
App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be
presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d) (failure to complain to trial court
that sentences were cruel and unusual waived claim of error for appellate
review).  We have reviewed the records of
the trial proceeding.  No relevant request,
objection, or motion was made.  And,
while this Court has held that a motion for new trial is an appropriate way to
preserve this type of claim for review (see Williamson v. State,
175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); Delacruz v.
State, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), Kenney’s motion
for new trial does not raise the issue of cruel and unusual punishment.  Therefore, this issue has not been preserved
for appellate review.[5]  We overrule this point of error.

            We affirm
the judgment of the trial court.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
16, 2010    

Date Decided:             September
17, 2010

 

Do Not Publish

 











[1]Kenney
was indicted June 10, 2005, on the charge of indecency with a child for having
intentionally and knowingly, with the intent to arouse or gratify the sexual
desire of said defendant, exposed her breasts to A.C., a child younger than seventeen
years and not the defendant’s spouse, knowing said child was present.  

 





[2]In
August 2006, the community supervision department began making field visits to
Kenney’s home rather than requiring Kenney to report to the community
supervision department due to Kenney’s poor health.  





[3]The
decision to grant or deny a motion for continuance is “within the sound
discretion of the trial court.”  Wright v. State, 28 S.W.3d 526, 532
(Tex. Crim. App. 2000).  This would
likely be a reason to overrule this point of error, even if it had been
preserved.





[4]Kenney
testified that she suffers from seizure disorder, lupus, fibromyalgia,
dystonia, osteoporosis, osteoarthritis, polycythemia, leukopenia,
thrombocytopenia, immune deficiency, chronic obstructive pulmonary disorder,
and bronchitis.  





[5]Even
if the contention had been preserved for review, the contention fails, since
the sentence is within the statutory range, there is no indication that the
severity of the sentence is grossly disproportionate to the gravity of the
offense, and no evidence establishes the sentence’s disproportionality as
compared with other sentences in this or other jurisdictions.  See Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.—Texarkana
2006, no pet.).