

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00030-CR

_____

ANGELIA LOUISE KENNEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. F7862

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

For the offense of indecency with a child, Angelia Louise Kenney had been placed on deferred adjudication community supervision for a period of six years, commencing March 17, 2006.[1] On December 9, 2009, the State filed its motion to proceed with adjudication of guilt, alleging Kenney violated the conditions of her community supervision by possessing or using alcoholic beverages; failing to pay assessed court costs; failing to pay assessed sex offender monthly supervisory fees; and having a person under seventeen years of age live with her. Kenney pled "not true" to each of these allegations.

After a trial, the trial court entered a judgment adjudicating Kenney's guilt and sentencing her to ten years' confinement in the Texas Department of Criminal Justice—Institutional Division. Kenney appeals, claiming that the trial court erred in refusing her a trial continuance and in imposing a cruel and unusual punishment. We affirm the judgment of the trial court, because (1) error has not been preserved regarding the overruled oral continuance motion and (2) the claim that Kenney's sentence is cruel and unusual has not been preserved.

*(1)    Error Has Not Been Preserved Regarding the Overruled Oral Continuance Motion*

Before her revocation trial started, Kenney made an oral motion for a continuance, on the bases (1) that Kenney's father had just suffered a heart attack and would not be able to testify as a

---

[1]Kenney was indicted June 10, 2005, on the charge of indecency with a child for having intentionally and knowingly, with the intent to arouse or gratify the sexual desire of said defendant, exposed her breasts to A.C., a child younger than seventeen years and not the defendant's spouse, knowing said child was present.

witness on Kenney's behalf and (2) that, due to her incarceration, Kenney was unable to obtain documentation from her house relating to her inability to pay fees and costs. The trial court denied the oral motion for continuance and proceeded to trial on the adjudication of guilt.[2]

In Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure, the Legislature has set out the requirements for a motion for continuance. *Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009). Article 29.03 provides that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 2006). Article 29.08 provides that "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (Vernon 2006). These statutes together require a sworn written motion in order to preserve appellate review from a trial court's denial of a motion for continuance. *Anderson*, 301 S.W.3d at 279; *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). Thus, an oral motion for continuance presents nothing for review. *Dewberry*, 4 S.W.3d at 756; *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995). Also, Article 29.06 requires that a motion for continuance must state "the diligence which has been used to procure [a witness'] attendance" when it is based on the absence of a witness. This provision has been interpreted to require diligence not only in procuring the presence of the witness, but also diligence as reflected

---

[2]In August 2006, the community supervision department began making field visits to Kenney's home rather than requiring Kenney to report to the community supervision department due to Kenney's poor health.

3

in the timeliness with which the motion for continuance was presented. *Dewberry*, 4 S.W.3d at 756. A sworn, written motion for continuance explaining the diligence utilized in filing such a motion or otherwise in showing good cause for the grant of such a motion was not filed in the trial court.

While Kenney does not assert a due process violation, she claims to have been prejudiced by the lack of witness availability and opportunity to retrieve certain documents to present in her defense. The deprivation of a meaningful opportunity to present a complete defense is a right subject to forfeiture. *Anderson*, 301 S.W.3d at 277. In that case, Anderson filed an unsworn oral motion for continuance—thus failing to comply with the procedural requirements of Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure—in order to mount a defense against the State's DNA test results. In overruling the court of appeals' decision that Anderson's claim was preserved on the basis of a due process exception to the rule that an unsworn oral motion for a continuance preserves nothing for review, the court determined that a meaningful opportunity to present a complete defense is a right subject to forfeiture. Accordingly, Anderson was obliged to file a written, sworn motion for continuance in order to preserve his complaint for appellate review. *Id.*

To have preserved her complaint for appellate review, Kenney was obliged to file a written, sworn motion for continuance. Having failed to do so, Kenney's complaint has not been

preserved for review.   The trial court did not abuse its discretion[3] in denying Kenney's unsworn, oral motion for continuance.   We overrule this point of error.

*(2)      The Claim that Kenney's Sentence Is Cruel and Unusual Has Not Been Preserved*

In her second appellate point, Kenney contends that her sentence of ten years' confinement in the Texas Department of Criminal Justice constitutes cruel and unusual punishment, given certain mitigating circumstances.   One such circumstance was Kenney's desire to help A.C., a person under the age of seventeen years, who resided with Kenney in violation of Kenney's probationary restraints.   Kenney maintains that, because drugs and alcohol were abused in the home of A.C.'s mother, where A.C. resided, A.C. was exposed to dangerous circumstances.   The implication of this argument is that Kenney's punishment should have been less than the ten-year sentence received, in light of her altruistic motives in providing a residence for A.C.

Kenney further contends that her extensive health problems and concerns will cause undue hardship during a ten-year period of incarceration.[4]   While we are mindful of the difficulties now facing Kenney as a result of the adjudication of guilt, we find that this issue has not been preserved for appellate review.

To preserve such complaint for appellate review, Kenney must have presented to the trial

---

[3]The decision to grant or deny a motion for continuance is "within the sound discretion of the trial court."   *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000).   This would likely be a reason to overrule this point of error, even if it had been preserved.

[4]Kenney testified that she suffers from seizure disorder, lupus, fibromyalgia, dystonia, osteoporosis, osteoarthritis, polycythemia, leukopenia, thrombocytopenia, immune deficiency, chronic obstructive pulmonary disorder, and bronchitis.

court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review). We have reviewed the records of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), Kenney's motion for new trial does not raise the issue of cruel and unusual punishment. Therefore, this issue has not been preserved for appellate review.[5] We overrule this point of error.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

---

[5]Even if the contention had been preserved for review, the contention fails, since the sentence is within the statutory range, there is no indication that the severity of the sentence is grossly disproportionate to the gravity of the offense, and no evidence establishes the sentence's disproportionality as compared with other sentences in this or other jurisdictions. *See Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

6

Date Submitted:      September 16, 2010
Date Decided:        September 17, 2010

Do Not Publish