In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00072-CR
______________________________


AARON DALE WILLIAMSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30841-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Aaron Dale Williamson appeals from his conviction by a jury on three counts of aggravated
sexual assault on a child. Williamson pled guilty to the charges without a negotiated plea agreement,
and a jury assessed punishment at life imprisonment and a $10,000.00 fine for each count. The trial
court ordered consecutive sentences.
            Williamson contends on appeal that consecutive sentences violate his constitutional rights
against cruel and unusual punishment. Williamson did not object at trial to the sentence or to the
cumulation of sentences based on constitutional grounds.
            To preserve his complaint for appellate review, Williamson must have presented to the trial
court a timely request, objection, or motion that stated the specific grounds for the desired ruling,
if not apparent from the context. See Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249,
265 (Tex. Crim. App. 1998); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref'd) (failure to complain to trial court about consecutive sentencing waived claim
of error). 
            However, Williamson's motion for new trial contains a contention that the sentence was
disproportionate to the offense. This Court has held that a defendant is required to raise a
disproportionality objection in a timely manner. Hookie v. State, 136 S.W.3d 671, 679–80 (Tex.
App.—Texarkana 2004, no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana
1999, no pet.). However, as we have recently held, a motion for new trial, in this context, is an
appropriate way to preserve the claim for review. Delacruz v. State, 167 S.W.3d 904 (Tex.
App.—Texarkana 2005, no pet.). 
            Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in
Jackson, 989 S.W.2d at 845, we recognized that a prohibition against grossly disproportionate
punishment survives under the Eighth Amendment to the United States Constitution apart from any
consideration of whether the punishment assessed is within the range established by the Legislature. 
See also Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd).
            This case presents a different approach to this issue. Williamson does not argue that each
individual sentence is excessive—rather, he argues that to stack three life terms is a violation of the
constitutional prohibition against cruel and unusual punishment. 
            We first recognize that there is authority stating that the cumulation of sentences does not
constitute cruel and unusual punishment. Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App.
1984); Baird v. State, 455 S.W.2d 259 (Tex. Crim. App. 1970); Quintana v. State, 777 S.W.2d 474,
480 (Tex. App.—Corpus Christi 1989, pet. ref'd). Baird, however, does not discuss the argument
in any depth, but simply concludes that, because the Legislature authorized stacking, it was not
unlawful. Stevens agreed with Baird, and the Quintana opinion did likewise.


 The Stevens court
cited authority from the Nineteenth Century holding that a forerunner of the general statute


 allowing
a court to choose whether sentences are cumulative or consecutive does not violate Article I,
Section 13 of the Texas Constitution. See Tex. Const. art. I, § 13. Even Stevens, however, referred
to a Fifth Circuit federal case as authority in connection with an Eighth Amendment claim, and
provides little actual analysis of the issue. See Boerngen v. United States, 326 F.2d 326 (5th Cir.
1964); Stevens, 667 S.W.2d at 538. 
            In this case, the consecutive sentence option was provided by Tex. Pen. Code Ann.
§ 3.03(b)(2)(A) (Vernon 2003). It provides the trial court with the option of choosing whether the
sentences run concurrently or consecutively for convictions for multiple acts arising out of the same
criminal episode for sexual offenses of this type.
            Williamson acknowledges the authority, but argues that it is dated and not applicable given
the most recent pronouncements of the United States Supreme Court and its changing analysis of
what is proper. Specifically, Williamson refers to Roper v. Simmons, 125 S.Ct. 1183 (2005), and
the language in that opinion recognizing the "evolving standards of decency that mark the progress
of a maturing society" and their application to the determination of what punishments are so
disproportionate as to be cruel and unusual. Id. at 1190. In that analysis, the United States Supreme
Court also looked at international law and the treatment of juvenile offenders in other civilized
countries. Likewise, Williamson directs us to the law of the International Criminal Court and the
Federal Republic of Germany for consideration of "the evolving standards of decency . . . ."
            Williamson urges this Court to follow the same track in our analysis of the effect of
incarcerating a person for three lifetimes. There is some logic, from the viewpoint of a punishment-based rather than a rehabilitation-based model, in sentencing a person to jail for three twenty-year
terms for three separate charges. That logic is less apparent when the defendant with a single life
is sent to jail for three consecutive life sentences. We also acknowledge, as counsel points out, that
there is no unanimity world-wide about the imposition of consecutive sentences for multiple
infractions committed during the same criminal episode.



            We are not, however, convinced that theories have been adopted either by federal or by Texas
courts that would lead to the conclusion that imposition of consecutive life sentences is cruel and
unusual, or disproportionate to the offenses committed. In this case, we are confronted with three
first-degree felony offenses, each of which the jury found to be deserving of a sentence of life
imprisonment. The type of sexual offenses against a child are those for which the Legislature has
explicitly allowed consecutive sentences. 
            As we set out in Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no
pet.), our proportionality analysis is guided by (1) the gravity of the offense and the harshness of the
penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions. See Solem v. Helm, 463 U.S. 277,
292 (1983). Only if we find that the sentence is grossly disproportionate to the offense will we then
consider the remaining factors of the Solem test and compare the sentence received to sentences for
similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. 
Alberto, 100 S.W.3d at 530.
            We cannot say that the imposition of consecutive sentences results in grossly disproportionate
punishment for the offenses for which Williamson was convicted. Further, there is no evidence in
the record comparing this result with others in the same jurisdiction for this situation, or those
imposed on defendants in other jurisdictions who committed a series of similar offenses. See id. 
For all of those reasons, disproportionate sentencing has not been shown, and we conclude that, in
the absence of direction from superior courts altering the standards of our analysis, the imposition
of consecutive sentences under these facts is not cruel and unusual punishment.
            We affirm the judgment. 
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 20, 2005
Date Decided:             October 4, 2005

Publish