In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00239-CR


______________________________




BRUCE WAYNE WOOD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Eighth Judicial District Court


Hopkins County, Texas


Trial Court No. 0518088




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Bruce Wayne Wood has appealed the revocation of his community supervision for the
underlying offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02(c)(2) (Vernon
2003). Wood pled "not true" to the allegation that he violated condition K of his community
supervision order (to report all arrests) and "true" to the allegation that he violated condition L of the
order (to perform 240 hours of community service work at the rate of sixteen hours per month). The
trial court found both allegations true, revoked Wood's community supervision, and sentenced him
to ten years' imprisonment and to pay costs. 

 On appeal, Wood contends that the trial court's sentence should be set aside and remanded
for a new trial on punishment due to factual insufficiency of the evidence to support the sentence,
citing only Alexander v. State, 866 S.W.2d 1, 9 (Tex. Crim. App. 1993). However, in Alexander (a
death penalty case), the appellant was attacking the sufficiency of the evidence to support the jury's
answers to the additional affirmative issues that support a sentence of death. That analysis does not
apply to this situation. 

 In this case, the punishment assessed by the trial court was within the statutorily prescribed
range of punishment; therefore, Wood's argument could only be based on whether the trial court
exercised its discretion unreasonably or unfairly in assessing punishment, causing the decision to be
unconstitutional and the sentence imposed disproportionate to his crime.

 To preserve such a disproportionate sentencing complaint for appellate review, Wood must
have presented to the trial court a timely request, objection, or motion that stated the specific grounds
for  the  desired  ruling,  or  the  complaint  must  be  apparent  from  the  context.  See  Tex.  R. 
App. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams v.
State, 191 S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.) (claims of cruel and unusual
punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were
cruel and unusual waived claim of error for appellate review). We have reviewed the record of the
trial proceeding. No relevant request, objection, or motion was made. And, while this Court has
held that a motion for new trial is an appropriate way to preserve this type of claim for review, see
Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v.
State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.), Wood did not preserve this complaint
in his motion for new trial. Wood has not preserved such an issue for appeal.


 Therefore, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: October 16, 2007

Date Decided: October 17, 2007


Do Not Publish