In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00009-CV


______________________________




WM SPECIALTY MORTGAGE, L.L.C., AMC MORTGAGE SERVICES, INC. 

 AND AMERIQUEST MORTGAGE COMPANY, Appellants


V.



RICKEY JOE PRESTON AND JUDY G. PRESTON, Appellees




 


On Appeal from the 294th Judicial District Court


 Van Zandt County, Texas


Trial Court No. 05-00396




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 This is an appeal by WM Specialty Mortgage, L.L.C., AMC Mortgage Services, Inc., and
Ameriquest Mortgage Company from a summary judgment. On our initial review of the clerk's
record, received January 25, 2008, this Court noted that the judgment from which the appeal was
brought did not dispose of all issues and all parties. On January 28, we mailed a letter to the
appellants requesting that they show this Court how we had jurisdiction over the appeal. 

 We have now received a "Notice Regarding Want of Jurisdiction" from the appellants, stating
that, after their review of the trial court's record, all parties and all claims have not been disposed of
by the judgment.

 The general rule is that a final and appealable judgment must determine the entire
controversy, disposing of all the parties and issues in a case. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). 

 Accordingly, because the judgment of the trial court does not dispose of all parties and all
issues, and is therefore nonappealable, we dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 11, 2008

Date Decided: February 12, 2008





on v. State, 187 S.W.3d 429, 433 (Tex. Crim. App.
2005); Williams v. State, 191 S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.) (claims of cruel
and unusual punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences
were cruel and unusual waived claim of error for appellate review). We have reviewed the records
of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court
has held that a motion for new trial is an appropriate way to preserve this type of claim for review
(see Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.), and
Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.)), no motion for new trial
was filed. Thompson has not preserved such an issue for appeal.

 There being no other issues before us, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: May 7, 2009

Date Decided: May 8, 2009


Do Not Publish


1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.