

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00098-CR
_____

MICHAEL DOUGLAS BAIRD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 14,477

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Originally having been charged with some twenty-four counts of aggravated sexual assault on a child, Michael Douglas Baird entered an open plea of guilty to five of those counts; he then submitted only the issue of punishment to a jury. The jury assessed Baird with a fine of $10,000.00 and life imprisonment on each of the five counts.

On his appeal, Baird contends that his sentence is disproportionate to the crime, citing, among other cases, *Harmelin v. Michigan*, 501 U.S. 957 (1991), and *Solem v. Helm*, 463 U.S. 277 (1983).

To preserve such a complaint for appellate review, Baird must either have presented the trial court with a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review). We have reviewed the records of the trial proceeding and the hearing on the motion for new trial. No relevant request, objection, or motion was made at the time of sentencing. Further, although this Court has held that a motion for new trial is another appropriate way to preserve this type of claim for review

2

(*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), Baird's motion for new trial did not contain an allegation that the sentence was disproportionate to the offense.

Baird failed to preserve any error regarding an allegation of disproportionate sentencing for appellate review.

Therefore, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      December 29, 2008
Date Decided:        December 30, 2008

Do Not Publish