In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00098-CR


______________________________




MICHAEL DOUGLAS BAIRD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 14,477




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Originally having been charged with some twenty-four counts of aggravated sexual assault
on a child, Michael Douglas Baird entered an open plea of guilty to five of those counts; he then
submitted only the issue of punishment to a jury. The jury assessed Baird with a fine of $10,000.00
and life imprisonment on each of the five counts. 

 On his appeal, Baird contends that his sentence is disproportionate to the crime, citing,
among other cases, Harmelin v. Michigan, 501 U.S. 957 (1991), and Solem v. Helm, 463 U.S. 277
(1983). 

 To preserve such a complaint for appellate review, Baird must either have presented the trial
court with a timely request, objection, or motion that stated the specific grounds for the desired
ruling, or the complaint must be apparent from the context. See Tex. R. App. P. 33.1(a)(1); Harrison
v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Haley v. State, 173 S.W.3d 510, 516 (Tex.
Crim. App. 2005); Williams v. State, 191 S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.)
(claims of cruel and unusual punishment must be presented in timely manner); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial
court that sentences were cruel and unusual waived claim of error for appellate review). We have
reviewed the records of the trial proceeding and the hearing on the motion for new trial. No relevant
request, objection, or motion was made at the time of sentencing. Further, although this Court has
held that a motion for new trial is another appropriate way to preserve this type of claim for review
(see Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz
v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.)), Baird's motion for new trial did
not contain an allegation that the sentence was disproportionate to the offense. 

 Baird failed to preserve any error regarding an allegation of disproportionate sentencing for
appellate review.

 Therefore, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: December 29, 2008

Date Decided: December 30, 2008


Do Not Publish



which we
have jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2005). Section
51.014 does not provide this Court with jurisdiction over an appeal from an order denying a motion
to stay forfeiture proceedings, and we have found no other specific statutory provision that would
permit this Court to review this order. That being the case, this order is an unappealable
interlocutory order over which we have no jurisdiction.
            Accordingly, we dismiss this case for want of jurisdiction.



                                                                        Josh R. Morriss, III
                                                                        Chief Justice
 
Date Submitted:          June 12, 2006
Date Decided:             June 13, 2006