In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00197-CR


______________________________




MARCUS DEWAYNE JENKINS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36541-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Marcus Dewayne Jenkins has appealed from his conviction on his plea of guilty to the
offense of driving while intoxicated, with a child passenger. See Tex. Penal Code Ann. § 49.045
(Vernon Supp. 2008). A jury assessed Jenkins' punishment at 365 days' confinement in a state jail
facility. See Tex. Penal Code Ann. § 12.35 (Vernon Supp. 2008). 

 On appeal to this Court, Jenkins contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Jenkins' motion for new trial contains a contention that
the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (1) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Jenkins'
sentence falls within the applicable range of not more than two years or less than 180 days and a fine
of up to $10,000.00. See Tex. Penal Code Ann. § 12.35.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Jenkins' sentence to
the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed
a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Jenkins' claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: March 5, 2009

Date Decided: March 6, 2009


Do Not Publish


1. The trial court did not conduct a hearing on Jenkins' motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.