In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00015-CR


______________________________




ROBERT ROY SAURENMANN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 36963-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Robert Roy Saurenmann (1) has appealed from his open plea of guilty to the offense of
possession of a controlled substance, methamphetamine, in an amount of less than one gram. See
Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). The court sentenced Saurenmann
to twenty months' confinement in a state-jail facility. See Tex. Penal Code Ann. § 12.35 (Vernon
Supp. 2008). 

 On appeal, Saurenmann contends that his sentence is disproportionate to the crime, citing,
among other cases, Solem v. Helm, 463 U.S. 277 (1983), and Harmelin v. Michigan, 501 U.S. 957
(1991). To preserve such complaint for appellate review, Saurenmann must have presented to the
trial court a timely request, objection, or motion that stated the specific grounds for the desired
ruling, or the complaint must be apparent from the context. See Tex. R. App. P. 33.1(a)(1); Harrison
v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams v. State, 191 S.W.3d 242, 262 (Tex.
App.--Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely
manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd)
(failure to complain to trial court that sentences were cruel and unusual waived claim of error for
appellate review). We have reviewed the records of the trial proceeding. No relevant request,
objection, or motion was made. And, while this Court has held that a motion for new trial is an
appropriate way to preserve this type of claim for review (see Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.)), Saurenmann's motion for new trial does not raise the issue of
disproportionate sentencing. (2) Therefore, he has not preserved such an issue for appeal.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 12, 2009

Date Decided: May 13, 2009


Do Not Publish




1. We note that the appellant's name is spelled "Sauremann" in the judgment, but is spelled
"Saurenmann" throughout the rest of the record. It further appears that the appellant signs his name
"Saurenmann." We will use the spelling of "Saurenmann" to refer to the appellant.
2. The trial court did not conduct a hearing on Saurenmann's motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.


">3. No. 06-01-00098-CR (Trial Court No. 16,599-2001).