

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00015-CR

_____


ROBERT ROY SAURENMANN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36963-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Robert Roy Saurenmann[1] has appealed from his open plea of guilty to the offense of possession of a controlled substance, methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). The court sentenced Saurenmann to twenty months' confinement in a state-jail facility. *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2008).

On appeal, Saurenmann contends that his sentence is disproportionate to the crime, citing, among other cases, *Solem v. Helm*, 463 U.S. 277 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991). To preserve such complaint for appellate review, Saurenmann must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review). We have reviewed the records of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court has held that a motion for new trial is an

---

[1]We note that the appellant's name is spelled "Sauremann" in the judgment, but is spelled "Saurenmann" throughout the rest of the record. It further appears that the appellant signs his name "Saurenmann." We will use the spelling of "Saurenmann" to refer to the appellant.

appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), Saurenmann's motion for new trial does not raise the issue of disproportionate sentencing.[2]  Therefore, he has not preserved such an issue for appeal.

We affirm the trial court's judgment.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        May 12, 2009
Date Decided:          May 13, 2009

Do Not Publish

---

[2]The trial court did not conduct a hearing on Saurenmann's motion for new trial, which was overruled by operation of law.  *See* TEX. R. APP. P. 21.8.

3