In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00047-CR

                                                ______________________________

 

 

                                 CHRISTOPHER E. JACOBS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0291X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Christopher E.
Jacobs appeals his conviction on multiple counts on his open plea of guilty to
each count.  He was sentenced to two life
terms for two counts of aggravated sexual assault, twenty years each on two
counts of sexual performance by a child, and ten years for possession of child
pornography.  

            Jacobs’
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, combined with a discussion of one issue that counsel
nonetheless believes may be arguable, although without merit—constitutionally
disproportionate sentencing.  Counsel has
thus provided a professional evaluation of the record demonstrating why, in
effect, there are no arguable grounds to be advanced.  This meets the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Jacobs on July 15, 2010, informing Jacobs of his
right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Jacobs has now filed his pro se response,
alleging that his confession was coerced, his punishment was unjust, the search
and seizure at his residence was illegal and there was no probable cause to do
so, his arrest was illegal, and the search warrant was illegal.

            We have determined that this appeal
is wholly frivolous.  The possible issue proposed
by counsel was not preserved for review, see
Williamson v. State, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no
pet.), and even had it been, there is nothing to support an argument that the
punishments assessed (within the statutory ranges) is constitutionally grossly
disproportionate to the gravity of the offenses.  Id.; see Latham v. State, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000,
pet. ref’d).  We have independently
reviewed the clerk’s record and the reporter’s record,  in light of Jacobs’ pro se response, and we
agree with counsel that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            In a
frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court.[1]

            

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          March
28, 2011

Date Decided:             March
29, 2011

 

Do Not Publish           











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.