In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00036-CR

                                                ______________________________

 

 

                                DWAIN EDWIN ROBINSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Franklin County, Texas

                                                            Trial
Court No. F8224

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

In Franklin County, Texas, Dwain Edwin
Robinson was indicted for delivery of a controlled substance in a drug-free
zone.  Robinson pled guilty and received
a ten-year sentence, which was probated for ten years.[1]  Five months later, the State moved to revoke
Robinson’s community supervision, alleging that Robinson failed to satisfy four
conditions of his community supervision. 
He pled “not true” to the allegations. 
After a bench trial, the trial court found that Robinson violated the
conditions of his community supervision as alleged by the State and sentenced
him to ten years’ incarceration.   

            In one point
of error, Robinson contends that the ten-year sentence imposed by the trial
court is unconstitutionally cruel and unusual.[2]  We affirm the trial court’s judgment because
Robinson has failed to show the sentence was cruel and unusual.

            Robinson
acknowledges that his sentence is within the range of punishment for the
offense, but argues that his “physical and mental health concerns should have
been taken into consideration” because his “mental state and inability to
understand” were “the reason for the alleged violations of community
supervision.”  

            Here,
Sherrie Ivey, Robinson’s sister, testified that Robinson is “mentally messed up,”
that he had received mental disability benefits since 1989 or 1990, and that
“even at home . . . he wasn’t quite there.” 
She is the guardian of Robinson’s person and estate, as well as the
payee for Robinson’s disability income. 
Ivey testified that she would like Robinson to be placed with her so she
could take care of him.  At the time the
State moved to revoke his community supervision, Robinson’s mental condition
was such that he was found incompetent to stand trial, though, after treatment
and re-evaluation, he was later found competent and was then tried.  Robinson also suffers from high blood
pressure, fluid around his heart and lungs, a bad back, and kidney
problems.  He takes medication for high
blood pressure, fluid problems, and his mental condition. 

            Texas courts
have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not
excessive, cruel, or unusual.  See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  The possession of less than one ounce of a
controlled substance in a drug-free zone is a third degree felony punishable by
confinement of two to ten years.  Tex. Penal Code Ann. § 12.34 (West
2011); Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(b), 481.134(d)(1) (West 2010).

            Robinson
concedes that his sentence is within the statutory range.  Tex.
Penal Code Ann. § 12.34; Tex. Health & Safety Code Ann. §§ 481.102(3)(D),
481.115(b); 481.134(d)(1).  During both
the guilt/innocence and punishment phases of the revocation hearing, there was
testimony and argument regarding Robinson’s mental and physical concerns.  In its remarks  before sentencing, the trial court
specifically noted that Robinson had been “examined for a mental situation” and
“evaluated and actually treated for mental problems.” 

            Robinson has
failed to show that the sentence was cruel or unusual.  We affirm the trial court’s judgment.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
27, 2011

Date Decided:        August 12, 2011                

 

Do Not Publish











[1]Robinson
was also assessed a $2,000.00 fine, $300.00 in attorney’s fees, $336.00 in
court costs, and $140.00 in restitution. 
Robinson’s motion for new trial raised the issue of cruel and unusual
punishment, and a motion for new trial is an appropriate way to preserve this
type of claim for review.  See Williamson v. State, 175 S.W.3d 522,
523–24 (Tex. App.—Texarkana 2005, no pet.); Delacruz
v. State, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

 





[2]Robinson
does not argue that his sentence is grossly disproportionate to the offense
committed.