

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00036-CR

_____

DWAIN EDWIN ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. F8224

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In Franklin County, Texas, Dwain Edwin Robinson was indicted for delivery of a controlled substance in a drug-free zone. Robinson pled guilty and received a ten-year sentence, which was probated for ten years.[1] Five months later, the State moved to revoke Robinson's community supervision, alleging that Robinson failed to satisfy four conditions of his community supervision. He pled "not true" to the allegations. After a bench trial, the trial court found that Robinson violated the conditions of his community supervision as alleged by the State and sentenced him to ten years' incarceration.

In one point of error, Robinson contends that the ten-year sentence imposed by the trial court is unconstitutionally cruel and unusual.[2] We affirm the trial court's judgment because Robinson has failed to show the sentence was cruel and unusual.

Robinson acknowledges that his sentence is within the range of punishment for the offense, but argues that his "physical and mental health concerns should have been taken into consideration" because his "mental state and inability to understand" were "the reason for the alleged violations of community supervision."

Here, Sherrie Ivey, Robinson's sister, testified that Robinson is "mentally messed up," that

---

[1] Robinson was also assessed a $2,000.00 fine, $300.00 in attorney's fees, $336.00 in court costs, and $140.00 in restitution. Robinson's motion for new trial raised the issue of cruel and unusual punishment, and a motion for new trial is an appropriate way to preserve this type of claim for review. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

[2] Robinson does not argue that his sentence is grossly disproportionate to the offense committed.

he had received mental disability benefits since 1989 or 1990, and that "even at home . . . he wasn't quite there." She is the guardian of Robinson's person and estate, as well as the payee for Robinson's disability income. Ivey testified that she would like Robinson to be placed with her so she could take care of him. At the time the State moved to revoke his community supervision, Robinson's mental condition was such that he was found incompetent to stand trial, though, after treatment and re-evaluation, he was later found competent and was then tried. Robinson also suffers from high blood pressure, fluid around his heart and lungs, a bad back, and kidney problems. He takes medication for high blood pressure, fluid problems, and his mental condition.

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The possession of less than one ounce of a controlled substance in a drug-free zone is a third degree felony punishable by confinement of two to ten years. TEX. PENAL CODE ANN. § 12.34 (West 2011); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b), 481.134(d)(1) (West 2010).

Robinson concedes that his sentence is within the statutory range. TEX. PENAL CODE ANN. § 12.34; TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b); 481.134(d)(1). During both the guilt/innocence and punishment phases of the revocation hearing, there was testimony and argument regarding Robinson's mental and physical concerns. In its remarks

3

before sentencing, the trial court specifically noted that Robinson had been "examined for a mental situation" and "evaluated and actually treated for mental problems."

Robinson has failed to show that the sentence was cruel or unusual. We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    July 27, 2011
Date Decided:      August 12, 2011

Do Not Publish