NO. 07-11-00370-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2012

_____

FRANCES CEDILLO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-427,331; HONORABLE JOHN J. "TREY" MCCLENDON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Frances Cedillo, was indicted for the offense of aggravated assault with a deadly weapon.[1]  Subsequently, appellant entered into an agreement to plead guilty without the benefit of any plea bargain as to punishment.  After receiving appellant's plea of guilty, the trial court heard evidence on the issue of punishment. Upon considering the evidence on punishment, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 18 years.  Appellant submits a single issue on appeal.

_____

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

Appellant contends that the sentence of 18 years confinement in ID-TDCJ constitutes cruel and unusual punishment under the facts of this case. We affirm.

Factual and Procedural Background

Appellant and the victim of appellant's assault, Lucy Cortez, each had a child by the same man, Christopher Gonzales. At the time of the assault, both remained involved with Gonzales. On the day of the assault, appellant and Cortez had been engaged in a war of words via text messages sent back and forth regarding Gonzales. This exchange culminated in appellant appearing at Cortez's house during the early morning hours and kicking the front door in. Upon being awakened by the noise of the door being kicked in, Cortez confronted appellant inside the living room of her home. Cortez succeeded in pushing appellant outside the house into the front yard. In the ensuing fight, Cortez ended up on top of appellant. Appellant withdrew a gun from her coat and fired once, missing Cortez, and a second time, striking Cortez in the torso. Cortez fell off of appellant and attempted to drag herself back inside the house. While she was doing this, appellant stood up and fired a third time, striking Cortez in the back. Appellant then fled the scene before police and emergency medical personnel arrived. Cortez was hospitalized but survived the shooting.

At the hearing on punishment, the trial court heard the facts recited above. In addition, the trial court heard a substantial bit of evidence that might be classified as mitigating evidence. However, after considering all of the evidence and the nature of the charges, the trial court sentenced appellant to confinement in the ID-TDCJ for 18 years. Appellant filed a motion for new trial. The motion alleged that a new trial should

2

be granted because, ". . . the verdict is excessive in view of the evidence and the offense charged."  The motion was overruled by operation of law.

This appeal results from the sentence handed down.  In a single issue, appellant contends that: "The trial court sentence of confinement for a term of eighteen years constitutes cruel and unusual punishment under the facts of this case."  We affirm.

Preservation of Issue for Appeal

In order to have an appellate court review a complaint, an appellant must preserve the complaint by timely request, objection, or motion presented to the trial court that states the specific grounds for the complaint, or the complaint must be apparent from the context of the trial.  See TEX. R. APP. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433 (Tex.Crim.App. 2005).  Claims of cruel and unusual punishment must be properly preserved or they will be waived.  See Wise v. State, 223 S.W.3d 548, 554 (Tex.App.—Amarillo 2007, pet. ref'd), Nicholas v. State, 56 S.W.3d 760, 768 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd).  A motion for new trial may serve to preserve a complaint for appeal.  See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.App.—Texarkana 2005, no pet.).  However, a general objection that makes no specific reference to a claim of cruel and unusual punishment does not preserve the issue for appeal.  See TEX. R. APP. P. 33.1(a)(1)(A); Redd v. State, No. 06-08-00001-CR, 2008 Tex. App. LEXIS 7969, at *10-11 (Tex.App.—Texarkana Oct. 20, 2008, no pet.).

At appellant's sentencing, no objection was voiced concerning the sentencing being cruel or unusual.  Appellant's motion for new trial does not mention that the

3

purported sentence was cruel and unusual.  Rather, the motion for new trial is a global motion encompassing a claim that the judgment is contrary to the law and the evidence, and that the verdict is excessive in view of the evidence.  Such a global objection preserves nothing for review.  <u>Redd</u>, 2008 Tex. App. LEXIS 7969, at *10-11.

Accordingly, we overrule appellant's single issue.

<p style="text-align:center">Conclusion</p>

Having overruled appellant's issue, the trial court's judgment is affirmed.

<div style="margin-left:50%">
Mackey K. Hancock<br>
Justice
</div>

Do not publish.