

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-16-00229-CR

MATTHEW TYLER NOYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-15B-012, Honorable Roland D. Saul, Presiding

May 21, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Matthew Tyler Noyes appeals from his conviction of the first-degree felony offense of aggravated sexual assault of a child[1] following his open plea of guilty to the trial court. He challenges the twenty-year sentence imposed,[2] contending the

---

[1] TEX. PENAL CODE ANN. § 22.021 (West 2018).

[2] The first-degree offense is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2018).

punishment is cruel and unusual because it is disproportionate to the offense. We will affirm.

## Background

The victim was thirteen years old at the time of the sexual assault that resulted in appellant's prosecution; appellant was eighteen. The victim testified she came into contact with appellant, whom she did not know, when he "messaged" her on Facebook. The two began communicating "[o]ver text and Facebook and Snapchat." The victim testified she was staying at her grandparents' home over a weekend when late at night appellant contacted her through social media and telephone calls. Appellant sent her a message saying he was outside her grandparents' home. She went outside to "[m]aybe to try to get him to leave so he wouldn't come inside."

Once outside, she and appellant walked around a corner and appellant put his hand on her arm. He "kept asking [her] repetitively" if she wanted "to do anything with" him. She "just kept saying no." She testified she understood appellant was referring to sex. She told the court that despite her refusals, appellant "laid me down" on the ground. Appellant pulled her pajama pants down to her knees and she "kept telling him no, that I did not want to do that." She agreed appellant put his sexual organ inside her sexual organ. She said it was "without my consent." The victim and her mother reported the incident to the police and the victim submitted to a rape kit examination at an Amarillo hospital. She was given the "after pill" and later participated in an interview at a child advocacy center. She told the court that the assault has made her "scared to go places now" because "maybe it would happen again."

Appellant testified to his version of the events.[3]  Appellant told the court he engaged in consensual sexual intercourse with the victim, believing she was fifteen years old.  He said if he had known the victim's true age, he would not have had sex with her.  Appellant told the victim's mother he was sixteen when she contacted him after the assault.  Appellant also lied to the sheriff during an interview, initially denying he met with the victim that night.  Appellant said he lied because he had "never been in trouble before," was "scared" and was "not good with talking with people[.]"[4]  He eventually told the "truth, but not every single little detail."  Appellant testified the victim lied about the assault.  His defensive theory at trial centered on attacks on the victim's credibility, the numerous points at which her story and appellant's story were contrary, and the victim's motive to lie to keep herself "out of trouble."

Analysis

Through one issue, appellant contends his twenty-year sentence is cruel and unusual under the Eighth Amendment to the United States Constitution because it is grossly disproportionate to his crime, considering all the circumstances.

We first consider appellant's preservation of the issue for appellate review.  To preserve his complaint, appellant was required to present to the trial court a timely

---

[3] His grandmother testified he has been diagnosed with attention deficit hyperactivity disorder, bipolar disorder and Asperger's Syndrome.

[4] The record shows appellant had a juvenile criminal record.  Appellant also testified he had been removed from his mother's care because she had engaged in sexual activity with some of his underage friends.  Consequently, he acknowledged, he was aware he could get into serious trouble for having sexual intercourse with someone of the victim's age.

3

request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *see also Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim of error for appellate review).

While Rule 33.1 does not require that the grounds on which a party is raising a complaint be made in "hyper-technical or formalistic" language, it must still "let the trial judge know what he wants, why he thinks he is entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Toledo v. State,* 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (citing *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)); *Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Appellant's brief acknowledges the words "cruel and unusual" were not mentioned at the punishment hearing or in his motion for new trial. Our review of the record of the proceeding shows no objection to the sentence was raised when it was pronounced. Appellant contends the constitutional objection to his sentence was "easily apparent" from his closing argument at sentencing and from his motion for new trial. A motion for new trial is an appropriate way to preserve a disproportionality claim for review. *Williamson v. State,* 175 S.W.3d 522, 523-24 (Tex. App.—Texarkana 2005, no pet.). Appellant's motion, however, did not mention the Eighth Amendment, the Constitution, cruel and unusual punishment or the concept of disproportionality. *See Williamson*, 175 S.W.3d at

524 (motion for new trial contained contention that sentence was disproportionate to offense, preserving claim for review). Appellant's motion argued that the sentence of twenty years of confinement was "contrary to and against the evidence" because appellant "was young, did not have prior felony convictions, did not use force in having sex with the victim and had mutual communication with the victim for several months prior to the sexual intercourse. Further, although the victim could not legally consent to the intercourse, the evidence indicated her willing participation."[5] The motion did not state a constitutional challenge to appellant's sentence.

We disagree also with appellant's assertion his constitutional contention was apparent because of his closing argument at sentencing. Appellant there argued some of the same factors he mentioned in his motion for new trial, arguing that, in counsel's opinion, he would not "survive in prison very long" because he "is slow intellectually and emotionally," and urged the court to place him on deferred adjudication community supervision. We perceive no apparent disproportionality challenge in the closing argument, which, of course, was made before the court pronounced sentence. *Cf. Toledo,* 519 S.W.3d at 284 (sentencing information preserved proportionality complaint).

We held in *Pena v. State*, No. 07-08-0501-CR, 2010 Tex. App. LEXIS 4553, at *2-3 (Tex. App.—Amarillo, June 16, 2010, pet. ref'd), that the defendant's failure to object on grounds of cruel and unusual punishment forfeited his disproportionality challenge to his sentence. The same is true here.

---

[5] As we have noted, the victim testified her participation was not willing.

5

Even if we are mistaken regarding preservation of the issue, and the trial court was aware that the Eighth Amendment was the basis for appellant's motion for new trial, we see no merit in his assertion his sentence was grossly disproportionate to the crime.

Evaluation of a challenge to the term of imprisonment imposed in an individual case based on all its circumstances begins with a comparison of the gravity of the offense with the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). If that threshold comparison reveals the case is among the rare cases showing an inference of gross disproportionality, the court should then compare the defendant's sentence with those received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring in part and in judgment)). *See also Oglesby v. State,* No. 07-15-00002-CR, 2015 Tex. App. LEXIS 9609, at * 8-9 (Tex. App.—Amarillo Sept. 10, 2015, no pet.) (mem. op., not designated for publication) (similar analysis).

Appellant addresses only the initial threshold comparison, basing his evaluation of the gravity of the offense largely on his version of the events surrounding the assault. He renews his attack on the victim's credibility, emphasizing inconsistencies in her testimony and that of other witnesses; he points out the victim sustained no physical trauma; he argues again that the sexual acts were consensual and that the victim had a motive to lie; and he points to his "psychological problems and lack of mental acuity." Parts of his argument would cast doubt that a completed sexual assault of the type indicted ever occurred. We decline to engage here in a re-litigation of appellant's guilt. Appellant pled guilty and the trial court was free to accept the victim's version of events and reject

6

appellant's in its determination of appellant's punishment. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

Appellant does not dispute that his sentence was well under the maximum authorized imprisonment of life or five to ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.32(a) (punishment range for first-degree felony). Appellant was more than five years older than the thirteen-year-old victim. The victim's mother testified that prior to the assault, the victim was a happy straight-A student, involved in school. After the assault, the victim "lost her innocence," was "torn" and had lower self-esteem. The victim testified she was scared and the crime "bothers me a lot." She also said she was afraid she was pregnant as a result of the assault and her mother testified to the morally difficult decision to obtain the "morning after pill" for her daughter. As noted, appellant admitted to the sexual conduct but said it was consensual. The victim testified it was not; that appellant had repeatedly asked her to have sex with him; and she continued to tell him no.

Given the circumstances in the record and considering that the twenty-year sentence imposed was toward the shorter end of the punishment range, we do not find appellant's sentence to be grossly disproportionate to the offense to which he pled guilty. *See Toledo*, 519 S.W.3d at 285-86 (fifteen-year sentence of two-to-twenty-year range in case of sexual relationship between educator and student not grossly disproportionate) (citing *State v. Simpson,* 488 S.W.3d 318, 322-23 (Tex. Crim. App. 2012)).

Because of our finding on the threshold issue, and, as the State points out, because appellant has not addressed the remaining two prongs of the analysis, we need not address them. *See Oglesby,* 2015 Tex. App. LEXIS 9609, at *9-10.

We overrule appellant's sole appellate issue.

## Conclusion

Having resolved appellant's issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.