

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00069-CR

_____

MASHELLA FUNTAN EDWARDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 46438-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Mashella Funtan Edwards was observed switching barcodes on several items of clothing at a Walmart in Longview, then checking out at the self-check registers. As she left the store, she was stopped by the loss-prevention officer, and the items were recovered. Further investigation showed that Edwards had paid $30.97 for the items, which were valued at $88.97. Consequently, Edwards was charged with theft of property valued at less than $2,500.00, with two prior theft convictions, a state jail felony.[1] Edwards entered an open plea of guilty to the indictment. After the State introduced its evidence in support of the charges, the trial court ordered a presentence investigation report to be prepared. At a separate hearing, the trial court found Edwards guilty and sentenced her to nine months' confinement in a state jail facility.

On appeal, Edwards contends that her punishment is excessive and grossly disproportionate to her crime, in violation of the Eighth Amendment.[2] Because we find that her sentence was not excessive or grossly disproportionate, we affirm the trial court's judgment.

The United States Constitution's ban on cruel and unusual punishment "requires that punishment be graduated and proportioned to the offense." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing U.S. CONST. amend. VIII). However, this principle "does not require strict proportionality between the crime and the sentence." *Id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Rather, only those extreme

---

[1]*See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2017).

[2]*See* U.S. CONST. amend. VIII. Edwards preserved this complaint in a motion for new trial. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.).

sentences considered grossly disproportionate to the crime are forbidden. *Id.* (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A finding that a sentence is grossly disproportionate has only been made in exceedingly rare and extreme cases. *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Generally, "punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual." *Id.* at 323 (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

In determining whether a sentence for a term of years is grossly disproportionate to a particular crime, we consider "the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.* (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Only in those rare cases in which our initial comparison gives rise to an inference of gross disproportionality do we then "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* (citing *Graham*, 560 U.S. at 60); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

In this case, Edwards was charged with a state jail felony, which has a punishment range of 180 days to two years. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2017). The sentence assessed was only three months more than the minimum sentence. In addition, although the value of the items stolen in this incident was relatively small, the evidence showed that Edwards had been convicted of theft on at least three other occasions, the first occurring in 2004. The most

recent prior theft conviction, entered on December 29, 2014, was also a state jail felony, for which Edwards was sentenced to fifteen months' confinement in state jail. Finally, although it appears that all of Edwards' prior convictions involved thefts of property valued at less than $1,500.00, her sentence in this case reflects that the trial court took into account that the value of the property involved in all of her convictions was relatively small and balanced that fact with her history of repeated theft offenses.

Because the sentence was within the statutory range of punishment, and the evidence showed that Edwards has over a decade of theft convictions, we find that her sentence is not cruel, unusual, excessive, or grossly disproportionate.

We affirm the trial court's judgment.

Josh R. Morriss III
Chief Justice

Date Submitted:     August 22, 2018
Date Decided:       August 23, 2018

Do Not Publish